UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacqueline C.,<br><br>Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, *Acting Commissioner of Social Security*,<br><br>Defendant, | Case No. 21-cv-1612 (JRT/HB)<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the court on Plaintiff Jacqueline C.'s motion to amend her complaint. [ECF No. 22.]  The matter has been referred to the undersigned for resolution of nondispositive pretrial motions pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  For the reasons set forth below, the Court will deny the motion.

**I.    Background**

Plaintiff filed her complaint on July 14, 2021, alleging that substantial evidence did not support the administrative law judge's ("ALJ") decision on Plaintiff's disability claim.  [ECF No. 1.]  After seeking an extension of the time set forth in Local Rule 7.2, the Commissioner of Social Security ("Commissioner") filed her answer [ECF No. 16] and the administrative record [ECF No. 17] on November 17, 2021.  Plaintiff filed a

1

timely motion for summary judgment [ECF No. 20] and supporting memorandum [ECF No. 22] on January 3, 2022.

On January 20, 2022, Magistrate Judge David T. Schultz issued an order in *Brian T. D. v. Kijakazi* holding that Acting Commissioner Nancy Berryhill could not have effectively ratified the appointment of certain ALJs under the Federal Vacancies Reform Act ("FVRA") and therefore the ALJ in that case whose appointment had been so ratified was without authority to decide Plaintiff's application for disability insurance benefits. Case No. 19-cv-2542 (BTS), 2022 WL 179540, at *16 (D. Minn. Jan. 20, 2022).  Eleven days later, Plaintiff filed a motion to amend her complaint to allege a claim under the FVRA [ECF No. 22], as well as a short supporting memorandum citing *Brian T. D*. [ECF No. 23] and an affidavit asserting the new claim under *Brian T. D.* is sought in good faith [ECF No. 24].[1]  The Commissioner opposes, arguing Plaintiff was not diligent in raising the issue and no good cause exists to modify the schedule in this case.  (Comm'r Mem. Opp. Mot. Amend. [ECF No. 29].)  In the meantime, the Commissioner timely filed her motion for summary judgment, and the Plaintiff has filed her reply.  *See* D. Minn. L. R. 7.2(c)(1).

---

[1] Plaintiff's motion when initially filed did not comply with District of Minnesota Local Rule 16.3.  The Court ordered her to supplement her filings to comply with the Local Rule [ECF No. 25] and she did so on February 3, 2022.  [ECF Nos. 26 – 28.]

II.   **Discussion**

    A.   **Standard of Review**

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion under 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 183 (1962). Even under the liberal standard of Rule 15, parties do not have an absolute right to amend. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005).

If the amendment to the complaint would require the alteration of the case schedule, the Plaintiff bears the heavier burden of showing good cause for the amendment. *See* Fed. R. Civ. P. 16(b)(4); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Whether the plaintiff has demonstrated good cause must be assessed before turning to the propriety of the amendment under Rule 15. *Sherman*, 532 F.3d at 716 (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).) The primary measure of good cause is the movant's diligence in attempting to meet the schedule's requirements. *See Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), *overruled on other grounds as recognized in Avichail ex rel. T.A. v. St. John's Mercy*

*Health Sys.*, 686 F.3d 548, 552 (8th Cir. 2012). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). If the movant shows diligence, the court may consider the prejudice to the nonmovant and weigh it against the prejudice to the movant by not allowing the amendment. *See Sherman*, 532 F.3d at 717; *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). On the other hand, if the movant does not show diligence, the court does not reach the issue of prejudice. *Sherman*, 532 F.3d at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

  **B.**  **Whether the Court Should Grant Leave to Amend**

  The Commissioner argues Rule 16's good cause standard applies to Plaintiff's motion because summary judgment briefing was already underway pursuant to the deadlines established by Local Rule 7.2 when Plaintiff filed her motion to amend. Therefore, the Commissioner argues, Plaintiff's motion necessarily alters the case schedule because it would require new briefing on summary judgment beyond the time established by that rule. Plaintiff does not contest the applicability of the good cause standard, and the Court agrees it governs here.

  The sole basis for moving to amend the complaint to bring the claim under the FVRA is Magistrate Judge Schultz's recent opinion in *Brian T. D*. The Commissioner argues Plaintiff cannot show good cause because 1) litigants in other districts filed similar

challenges as early as 2018,[2] 2) the litigation is at an advanced stage, and 3) Plaintiff waived the argument by filing for summary judgment without raising the issue. (Comm'r Mem. Opp. at 4-7.)

The Court agrees with the Commissioner that Plaintiff has not shown good cause to amend her complaint and thus derail the schedule established by Local Rule 7.2. Plaintiff suggests that Magistrate Judge Schultz's decision constitutes a change in the law, but it does not. The underlying statute, the underlying facts, and, perhaps most importantly, the United States Supreme Court decision holding that challenges to the authority of the ALJ under the FVRA are not waived if they were not made during the administrative proceedings,[3] have been in place since before Plaintiff filed her appeal. Other lawyers, including not only the pro se claimant in *Patterson* but the lawyers in the cases before Magistrate Judge Roberts and, most notably, the lawyers in the *Brian T.D.* case, timely made the challenge to the authority of the ALJ that Plaintiff seeks to make now. While another magistrate judge may have rejected those challenges, a favorable ruling by a magistrate judge in this district, while instructive, is not the kind of "change in the law" that constitutes good cause to bring a late motion to amend.

---

[2] Commissioner cites *Patterson v. Berryhill*, Case No. 2:18-cv-193, 2018 WL 8367459 (W.D. Pa. June 14, 2018), a case filed pro se, as well as a bevy of cases filed in the Northern District of Iowa by a single law firm making identical arguments under the FVRA, which were rejected by Magistrate Judge Mark Roberts. *See Marion v. Saul*, Case No. 19-cv-76, 2020 WL 2482124 (N.D. Iowa Apr. 21, 2020); *Austin v. Saul*, Case No. 19-cv-3017, 2020 WL 5229540 (N.D. Iowa May 12, 2020); *Reuter v. Saul*, Case No. 19-cv-2053, 2020 WL 7222109 (N.D. Iowa May 29, 2020); *Heins v. Saul*, Case No. 19-cv-2043, 2020 WL 6052583 (N.D. Iowa June 11, 2020).

[3] *Carr v. Saul*, 141 S. Ct. 1352 (2021).

5

To be clear, the Court does not base its decision on the Commissioner's argument that Plaintiff waived the claim by not including the FVRA claim in her opening brief in support of summary judgment. Plaintiff followed the proper procedure for advancing a new claim, which is to file a motion to amend rather than insert into her summary judgment briefing an issue she had not pleaded. If the Court had concluded there was good cause for the late amendment, it would have set a schedule for supplemental briefing to assure that the adversarial system of judicial decision-making was preserved. *See Calzone v. Summers*, 942 F.3d 415, 420 (8th Cir. 2019) (en banc) ("[T]he test for forfeiture is not how many times a litigant has raised a particular issue of fact, but rather whether it has been raised in a timely manner."); *Calzone*, 942 F.3d at 435 (Shepherd, J., dissenting) ("And with no adversarial briefing on the question, this Court is not in a good position to ensure that it is resolved correctly.").

Accordingly, the Court finds Plaintiff has failed to show that she was diligent in bringing the motion to amend, and therefore cannot satisfy the good cause requirement. In the absence of diligence, the Court does not reach the question of whether granting the motion would result in prejudice.

**III.   Conclusion**

Therefore, based on the foregoing and all of the files, records, and proceedings herein, Plaintiff's Motion to Amend the Complaint [ECF No. 22] is **DENIED.**

Dated: February 24, 2022                         */s Hildy Bowbeer*
                                                                    HILDY BOWBEER
                                                                    United States Magistrate Judge